*THOMAS E. MOSS, Idaho Bar No. 1058*
*United States Attorney*
*WENDY J. OLSON*
*Assistant United States Attorney*
*District of Idaho*
*Washington Group Plaza IV, Suite 600*
*800 East Park Boulevard*
*Boise, Idaho  83712*
*Telephone:  (208) 334-1211*
*Facsimile:  (208) 334-1413*

*LORETTA KING*
*Acting Assistant Attorney General*
*United States Department of Justice*
*Civil Rights Division*
*ERIN ASLAN*
*Trial Attorney*
*Criminal Section - PHB 5810*
*950 Pennsylvania Avenue, NW*
*Washington, District of Columbia  20530*
*Telephone:  (202) 514-3204*
*Facsimile:  (202) 514-8336*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CR No. 09-033-S-EJL |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL J. BULLARD, | ) |
| JENNIFER J. HARTPENCE, | ) |
|     a/k/a JENNIFER ERICKSON, | ) |
| RICHARD C. ARMSTRONG, and | ) |
| JAMES D. WHITEWATER, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' SUPPLEMENTAL NOTICE OF**
**INTENT TO INTRODUCE 404(b) EVIDENCE**

Pursuant to Federal Rule of Criminal Procedure 12(d), the United States of America,

through the undersigned attorneys, files this supplemental notice of intent to introduce other acts

- 1 -

evidence under Federal Rule of Evidence 404(b).  The United States moves this Court for the admission of this additional other acts evidence in its case-in-chief against defendant Richard C. Armstrong to prove his motive, intent, and plan.  The United States' original notice of intent to introduce Rule 404(b) evidence was filed on March 18, 2009.  Trial is set for April 21, 2009.

## I.     BACKGROUND

On February 11, 2009, a federal grand jury sitting in Boise, Idaho, returned a two-count indictment against defendants Michael J. Bullard, Richard C. Armstrong, Jennifer J. Hartpence, a/k/a Jennifer Erickson, and James D. Whitewater, charging each defendant with one count of conspiring to deprive the victim, R.S., of his federally-protected rights, in violation of 18 U.S.C. § 241, and one count of willfully intimidating and interfering with R.S.'s right to enjoy a public accommodation through force or threat of force because of R.S.'s race, color, or national origin, while aiding and abetting one another, in violation of 18 U.S.C. §§ 245(b)(2)(F) and 2.

These charges arise out of the defendants' racially motivated beating of R.S., a young African American man, in the parking lot of a Wal-Mart Supercenter store in Nampa, Idaho, on July 4, 2008.  As set forth in the United States' original notice of intent to introduce Rule 404(b) evidence, the United States anticipates that the existence of a racial motivation for the defendants' beating of R.S. will be a central part of the defense and a contested issue at trial.

## II.    LEGAL ANALYSIS

### A.    Additional Other Acts Evidence to Be Admitted

In addition to the other acts evidence outlined in the United States' March 18 notice of intent, the United States intends to introduce in its case-in-chief evidence that defendant Armstrong has a Nazi lightning bolt "SS" tattoo on the back of his right shoulder.  While not specifically charged in the indictment, the existence of this tattoo is additional evidence of defendant Armstrong's racial animus.  Thus, this evidence is probative of defendant Armstrong's

motive, intent, and plan in conspiring to attack R.S., who is African American, and carrying out the planned beating of R.S., as charged in the indictment.

### B. Evidence of Defendant Armstrong's Racial Beliefs Is Properly Admitted Under Fed. R. Evid. 404(b)

This evidence is admissible under Federal Rule of Evidence 404(b) because it is probative of defendant Armstrong's motive, intent, and plan in carrying out the offenses charged in this case. The Ninth Circuit has held that Rule 404(b) is an inclusionary rule under which evidence is admissible except where it tends to prove only criminal disposition. United States v. Meling, 47 F.3d 1546, 1557 (9th Cir. 1995); United States v. Rocha, 553 F.2d 615, 616 (9th Cir. 1977).

Other acts evidence is admissible when: (a) sufficient proof exists for the jury to find that the defendant committed the other acts; (b) the other acts are offered to prove a material issue in the case; (c) the other acts were not too remote in time; and (d) where offered to prove knowledge or intent, the other acts are sufficiently similar to the charged conduct. United States v. Murillo, 255 F.3d 1169, 1175 (9th Cir. 2001). Each of these threshold requirements for admissibility is satisfied by the United States' proposed other acts evidence.

First, the existence of defendant Armstrong's Nazi lightning bolt "SS" tattoo will be proven by more than a preponderance of the evidence. See Huddleston v. United States, 485 U.S. 681, 690 (1988). This tattoo, along with the two swastika tattoos identified in the United States' original notice of intent, were personally observed on defendant Armstrong's body and photographed (with defendant Armstrong's consent) by Nampa Police Department officers. This physical evidence regarding the additional other act is significantly more than the "unsubstantiated innuendo" that the Supreme Court was concerned about in Huddleston. Id. at 689.

Second, evidence of this additional tattoo is probative of a material point in this case, defendant Armstrong's motive, intent, and plan in carrying out the charged offenses. To prevail at trial the United States will have to prove that defendant Armstrong was motivated, at least in part, by the race, color, or national origin of the victim in this case, R.S. See 18 U.S.C. §§ 241, 245(b)(2); 42 U.S.C. § 2000a. The United States anticipates that defendant Armstrong will defend against the charges by arguing, among other things, that he and his co-defendants assaulted R.S. for reasons wholly unrelated to his race, color, or national origin. Evidence of defendant Armstrong's third tattoo of a racist symbol will, therefore, bear directly upon a contested issue in this case and is properly admitted to prove defendant Armstrong's motive, intent, and plan. See, e.g., United States v. Allen, 341 F.3d 870, 885-86 (9th Cir. 2003); United States v. Dunnaway, 88 F.3d 617, 618-19 (8th Cir. 1996).

Third, the proffered additional other acts evidence is not too remote in time. Defendant Armstrong had the Nazi lightning bolt "SS" tattoo on his body at the time of the offense. At the very latest, defendant Armstrong had this tattoo a month later on August 18, 2008, when Nampa Police Department officers observed the tattoo on defendant Armstrong's body.

Fourth, the proposed additional other acts evidence is sufficiently similar to the charged offenses to warrant admission in this case. Defendant Armstrong's possession and use of symbols of white supremacy, such as the Nazi lightning bolts "SS" tattoo, are very similar to the defendants' alleged remarks of "get the 'nigger'" and use of other racial slurs during the offenses charged in the indictment.

Finally, the probative value of the proposed additional other acts evidence far outweighs the danger of unfair prejudice to the defendant. See Fed. R. Evid. 403; United States v. Rude, 88 F.3d 1538, 1549-50 (9th Cir. 1986). This other acts evidence is substantially less prejudicial than other Rule 404(b) evidence that the Ninth Circuit has found admissible under Rule 403.

See, e.g., Allen, 341 F.3d at 885-86; United States v. McInnis, 976 F.2d 1226, 1230 (9th Cir. 1992); United States v. Skillman, 922 F.2d 1370, 1372, 1374 (9th Cir. 1990).  If the evidence is damaging, it is precisely because of its probative value in showing defendant Armstrong's criminal conduct in the charged offenses, and not because of a collateral or otherwise unfair negative impact.  See United States v. Simas, 937 F.2d 459, 464 (9th Cir. 1991).  Thus, the evidence is proper under Rule 403 as well as under Rule 404(b), and should be admitted.

### III.    CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court admit the additional other acts evidence identified in this supplemental notice.

DATED this 24th day of March, 2009.

THOMAS E. MOSS
United States Attorney
District of Idaho
By:

_____
/s/ Wendy J. Olson
Assistant United States Attorney


LORETTA KING
Acting Assistant Attorney General
United States Department of Justice
Civil Rights Division
By:

_____
/s/ Erin Aslan
Trial Attorney
Criminal Section

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Idaho, and that a copy of the foregoing United States' Supplemental Notice of Intent to Introduce 404(b) Evidence was served on all parties named below this 24th day of March, 2009.

    ___ United States Mail, postage prepaid
    ___ Hand delivery
    ___ Facsimile Transmission (fax)
    ___ Federal Express
    _x_ ECF Filing

Ms. Elisa Massoth
Ketlinski, Massoth, Rebholtz & Soper, PLLC
Attorneys at Law
910 East Cleveland Boulevard
Caldwell, Idaho 83605
Attorney for Michael J. Bullard

Mr. John C. DeFranco
Ellsworth, Kallas, Talboy & DeFranco, PLLC
Attorneys at Law
1031 East Park Boulevard
Boise, Idaho 83712
Attorney for Jennifer J. Hartpence, a/k/a Jennifer Erickson

Mr. R. Wade Curtis
Belnap, Curtis & Williams, PLLC
Attorneys at Law
1401 North Shoreline Drive, Suite 2
Post Office Box 7685
Boise, Idaho 83707-1685
Attorney for Richard C. Armstrong

Mr. Gustav Rosenheim
Rosenheim Law Office
960 Broadway, Suite 210
Boise, Idaho 83706
Attorney for James D. Whitewater

                                                              _____
                                                                 /s/ Wendy J. Olson