THOMAS E. MOSS, Idaho Bar No. 1058
United States Attorney
WENDY J. OLSON
Assistant United States Attorney
District of Idaho
Washington Group Plaza IV, Suite 600
800 East Park Boulevard
Boise, Idaho  83712
Telephone:  (208) 334-1211
Facsimile:  (208) 334-1413

LORETTA KING
Acting Assistant Attorney General
United States Department of Justice
Civil Rights Division
ERIN ASLAN
Trial Attorney
Criminal Section - PHB 5810
950 Pennsylvania Avenue, NW
Washington, District of Columbia  20530
Telephone:  (202) 514-3204
Facsimile:  (202) 514-8336

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CR No. 09-033-S-EJL |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL J. BULLARD, ) | |
| JENNIFER J. HARTPENCE, ) | |
|     a/k/a JENNIFER ERICKSON, ) | |
| RICHARD C. ARMSTRONG, and ) | |
| JAMES D. WHITEWATER, ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' REPLY IN SUPPORT OF THE UNITED STATES'
MOTION IN LIMINE TO EXCLUDE IMPROPER CHARACTER EVIDENCE**

The United States, by and through undersigned counsel, respectfully submits this reply to

defendant Armstrong's opposition to the United States' Motion <u>In</u> <u>Limine</u> to Exclude Improper

Character Evidence. This reply is submitted in further support of the United States' motion <u>in limine</u> to exclude evidence of the defendants' specific acts of racial tolerance pursuant to Federal Rules of Evidence 404 and 405. Trial is set for June 16, 2009.

## I.   PROCEDURAL BACKGROUND

On March 30, 2009, the United States moved <u>in limine</u> to exclude improper character evidence. (Dkt. No. 47.) Defendant Armstrong did not file his opposition to this motion until May 12, 2009 - - forty-three days after the United States' filed the motion <u>in limine</u> which defendant Armstrong opposed. (Dkt. No. 69.)

## II.   LEGAL ANALYSIS

### A.   The Court Should Exclude All Evidence of the Defendants' Specific Acts of Racial Tolerance as Inadmissible Under the Federal Rules of Evidence

The Court should disregard defendant Armstrong's his opposition to the United States' Motion <u>In Limine</u> to Exclude Improper Character Evidence as ill-founded. In his opposition, defendant Armstrong claims that he may present a full-array of character evidence and non-character evidence relating to racial animus, including an explanation of his use of racial symbols and racial humor; evidence of specific instances of his lack of racial animus; and opinion or reputation evidence regarding the existence of non-existence of his racial animus. Def. Armstrong's Obj. to the Prosecution's Mot. in Limine to Exclude Improper Character Evid. (hereinafter "Armstrong's Obj.") at 2-3.

As grounds for the admissibility of this evidence, defendant Armstrong makes the seemingly contradictory assertions that evidence of racial animus is both subject to and <u>not</u> subject to the rules of evidence regarding character evidence. <u>Compare</u> <u>id.</u> ("Upon proper foundation, these witnesses may be asked to state their individual opinions as to Armstrong's racial animus specifically and generally or to state their knowledge of Armstrong's reputation in

the community with regard to racial animus.") with id. at 3 ("All of the offered evidence is relevant under Rules 401, 402 and 404 of the Fed.R.Evid. It is not character evidence prohibited by Rule 404b [sic]."). Defendant Armstrong misapprehends both the nature of the evidence he seeks to introduce and the law governing the admissibility of evidence of racial animus.

The United States submits this reply to clarify that: (1) evidence of racial animus is not an element of either offense charged in the indictment; (2) evidence of specific instances of racial tolerance on the part of defendant Armstrong are inadmissible; and (3) any evidence regarding the existence or non-existence of defendant Armstrong's racial animus must be limited to character evidence in the form of opinion or reputation testimony from a qualified witness, as set forth in Federal Rules of Evidence 405 and 608.

    1.    Racial Animus is Not an Element of the Charged Offenses and Defendant Armstrong May Not Prove His Purported Lack of Racial Animus Through Specific Instances of Conduct

The indictment charges defendant Armstrong and his co-defendants with one count of 18 U.S.C. § 241 and one count 18 U.S.C. §§ 245(b)(2)(F) and 2. Where the character trait is an essential element of the offense charged or of a defense, a defendant may introduce evidence of specific acts of conduct. Fed. R. Evid. 405(b). However, contrary to defendant Armstrong's assertions, neither of the charged crimes has racial animus as an essential element of the offense.

Section 241, which prohibits a conspiracy to deprive a victim of his federally-protected rights, requires proof of the following three elements: (1) that two or more people entered into a conspiracy; (2) that the purpose of the conspiracy was to injure, oppress, threaten, or intimidate a person in the free exercise or enjoyment of a right protected by the Constitution or laws of the United States; in this case, the right of the victim, R.S., to full and equal enjoyment of a public accommodation without discrimination on the grounds of race, color, or national origin; and

(3)  that the defendants knowingly and voluntarily joined the conspiracy with an understanding of its purpose and unlawful nature.  See 18 U.S.C. § 241.

Section 245(b)(2)(F) prohibits willful interference, through force or threat of force, with a victim because of his race, color, or national origin and because he was engaged in a federally-protected activity, requires proof of the following five elements:  (1) that the defendants used or threatened the use of force;  (2) that the defendants willfully injured, intimidated, or interfered with the victim, or attempted to do so;  (3) that the defendants acted because of the victim's race, color, or national origin;  (4) that the defendants acted because the victim was enjoying the goods, services, facilities, or accommodations of a place of public accommodation, here the Wal-Mart Supercenter store on 12th Avenue Road in Nampa, Idaho, within the premises of which is physically located a restaurant and place of entertainment; and, for a felony violation,  (5) that bodily injury resulted.  See 18 U.S.C. § 245(b).

In determining whether a character trait is an essential element of the charged offense or of a defense, the court is to determine whether "proof, or failure of proof, of the character trait by itself [would] actually satisfy an element of the charge, claim or defense."  United States v. Keiser, 57 F.3d 847, 856 (9th Cir. 1995).  As this recitation of the essential elements makes clear, neither of the two charged crimes requires specific proof of the defendants' racial animus. All that is required is proof of that the defendants had a particular mental state in carrying out the offenses - - not that the defendants hold particular views as to people of different races in general.  In this case, all the United States must prove with, respect to issues related to race, is that when the defendants agreed to threaten and attack the victim, R.S., and when they carried out these actions, they had the specific intent to interfere with the victim's right to use a place of public accommodation free from discrimination based on race, color, or national origin (Section 241) and that they acted, at least in part, "because of" the victim's race, color, or national origin

(Section 245).¹  Thus, racial animus is not an element of the offenses defendant Armstrong may not prove or disprove his racial animus through evidence of specific instances of conduct.

> 2. Racial Tolerance Is Not a "Pertinent" Character Trait and It May Not Be Proved by Specific Incidents of Conduct

Pursuant to Rule 404(a)(1), a criminal defendant may present evidence regarding a "pertinent" or relevant character trait.  This type of evidence must relate to a particular issue in the case, and a witness may testify only about the character trait relevant to that issue.  Evidence of defendant Armstrong's specific acts of racial tolerance - - which is essentially evidence of defendant Armstrong's lack of prior bad acts - - does not relate to a pertinent character trait.  Thus, specific acts of racial tolerance, such as those defendant Armstrong proposes to introduce, see Armstrong's Opp. at 2 (testimony from African American and Hispanic witnesses regarding their contacts, associations with, and relationship with defendant Armstrong, including his use of racial symbols and humor), are nothing more than impermissible evidence that defendant Armstrong would not commit the crimes charged.  See United States v. Diaz, 961 F.2d 1417, 1419-20 (9th Cir. 1992) (holding that evidence of defendant's lack of propensity to engage in large-scale drug-dealing was not a pertinent character trait in a case where defendant charged with large-scale drug dealing); United States v. Camper, 873 F.2d 1307, 1313 (9th Cir. 1989) (affirming the trial court's exclusion under Rule 404(a)(1) of the defendant's proposed specific act evidence offered to show that the defendant was a patriotic, pro-government person "unlikely

---

¹ Defendant Armstrong's claim that racial animus must be the "but for" cause of the defendants' actions, Armstrong's Opp. at 12 n.4, is an incorrect statement of the law. So long as the defendants were motivated, in part, by the victim's race, color, or national origin, it does not matter if they had other motives for their conduct. United States v. Hartbarger, 148 F.3d 777, 784 n.6 (7th Cir. 1998), overruled on other grounds by, United States v. Colvin, 353 F.3d 569 (7th Cir. 2003); United States v. Gresser, 935 F.2d 96, 101 (6th Cir. 1991); United States v. Bledsoe, 728 F.2d 1094, 1097-98 (8th Cir. 1984); United States. v. Johns, 615 F.2d 672, 675 (5th Cir. 1980); Crews v. United States, 160 F.2d 746, 749 (5th Cir. 1947).

to engage in acts of terrorism"). Thus, evidence of defendant Armstrong's prior acts of racial tolerance, i.e., evidence of his lack of prior assaults upon people of other races, does not bear on a pertinent character trait about which evidence is admissible under Rule 404(a)(1).

As discussed more fully in the United States' Notice and Supplemental Notice of Intent to Introduce 404(b) Evidence, Dkt. No. 41 and 44, the United States intends to introduce evidence of defendant Armstrong's specific acts of racial animus.[2] This evidence, however, will not be offered pursuant to Federal Rule of Evidence 404(a). Instead, this evidence will be offered pursuant to Federal Rule of Evidence 404(b) because it is relevant to and probative of defendant Armstrong's motive, intent, and plan in agreeing to beat and subsequently beating an African American man, as charged in the indictment. The United States may properly present this type of evidence because it is offered under a distinct theory of admissibility.

>    3.    Any Evidence Regarding Defendant Armstrong's Purported Racial Tolerance May Only Be Offered in the Form of Opinion or Reputation Evidence

Where a defendant properly seeks to introduce evidence of a pertinent character trait, a defendant cannot introduce specific acts or courses of conduct. Fed. R. Evid. 405(a); Michelson v. United States, 335 U.S. 469, 477 (1948); see also United States v. Hill, 40 F.3d 164, 169 (7th Cir. 1994); United States v. Cleveland, No. 96-207, 1997 WL 253124, at *2 (E.D.La. May 14, 1997) ("The law is clear that a defendant may not produce evidence of specific instances of law-abidingness as part of his defense."). Instead, evidence of a defendant's character trait must be offered in the form of opinion or reputation testimony. Fed. R. Evid. 405(a). Before a character witness can offer testimony about a defendant's reputation, the character witness must

---

[2] The United States filed two notices of intent to introduce other acts evidence pursuant to Federal Rule of Evidence 404(b) on March 18, 2009 and March 24, 2009. (Dkt. No. 41 and 44.) On May 12, 2009, defendant Armstrong filed a motion in limine regarding these notices. The United States will separately file an objection to defendant Armstrong's motion.

first show "such acquaintance with the defendant, the community in which he has lived, and the circles in which he has moved as to speak with authority of the terms in which generally he is regarded." Michelson, 335 U.S. at 478.  Thus, defendant Armstrong may only present evidence of his character for racial animus or tolerance in the form of opinion or reputation testimony from a qualified witness.

To the extent that defendant Armstrong argues that evidence of his purported lack of racial animus is evidence of his state of mind pursuant to Federal Rule of Evidence 803(3), such evidence, if permitted, would be limited to defendant Armstrong's statements contemporaneous to the incident regarding his state of mind at that particular moment in time, i.e., the early morning hours of July 4, 2008, when defendant Armstrong and his co-defendants conspired to attack and physical beat the victim, R.S.

### III. CONCLUSION

For the reasons set forth above and in the United States' motion in limine, the United States requests that the Court exclude at trial evidence of the defendants' specific instances of racial tolerance as improper character evidence.

DATED this 19th day of May, 2009.

> THOMAS E. MOSS
> United States Attorney
> District of Idaho
> By:
>
> _____
> /s/ Wendy J. Olson
> Assistant United States Attorney
>
>
> LORETTA KING
> Acting Assistant Attorney General
> United States Department of Justice
> Civil Rights Division
> By:
>
> _____
> /s/ Erin Aslan
> Trial Attorney
> Criminal Section

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Idaho, and that a copy of the foregoing United States' Reply in Further Support of the United States' Motion in Limine to Exclude Improper Character Evidence was served on all parties named below this 19th day of May, 2009.

       ___ United States Mail, postage prepaid
       ___ Hand delivery
       ___ Facsimile Transmission (fax)
       ___ Federal Express
       _x_ ECF Filing

Ms. Elisa Massoth
Ketlinski, Massoth, Rebholtz & Soper, PLLC
Attorneys at Law
910 East Cleveland Boulevard
Caldwell, Idaho 83605
Attorney for Michael J. Bullard

Mr. John C. DeFranco
Ellsworth, Kallas, Talboy & DeFranco, PLLC
Attorneys at Law
1031 East Park Boulevard
Boise, Idaho 83712
Attorney for Jennifer J. Hartpence, a/k/a Jennifer Erickson

Mr. R. Wade Curtis
Belnap, Curtis & Williams, PLLC
Attorneys at Law
1401 North Shoreline Drive, Suite 2
Post Office Box 7685
Boise, Idaho 83707-1685
Attorney for Richard C. Armstrong

Mr. Gustav Rosenheim
Rosenheim Law Office
960 Broadway, Suite 210
Boise, Idaho 83706
Attorney for James D. Whitewater

                                        _____
                                            /s/ Wendy J. Olson