*THOMAS E. MOSS, Idaho Bar No. 1058*
*United States Attorney*
*WENDY J. OLSON*
*Assistant United States Attorney*
*District of Idaho*
*Washington Group Plaza IV, Suite 600*
*800 East Park Boulevard*
*Boise, Idaho  83712*
*Telephone:  (208) 334-1211*
*Facsimile:  (208) 334-1413*

*LORETTA KING*
*Acting Assistant Attorney General*
*United States Department of Justice*
*Civil Rights Division*
*ERIN ASLAN*
*Trial Attorney*
*Criminal Section - PHB 5810*
*950 Pennsylvania Avenue, NW*
*Washington, District of Columbia  20530*
*Telephone:  (202) 514-3204*
*Facsimile:  (202) 514-8336*

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
|                                                       ) | CR No. 09-033-S-EJL |
|                     Plaintiff,            ) | |
|                                                       ) | |
| vs.                                               ) | |
|                                                       ) | |
| MICHAEL J. BULLARD,                 ) | |
| JENNIFER J. HARTPENCE,            ) | |
|         a/k/a JENNIFER ERICKSON,  ) | |
| RICHARD C. ARMSTRONG, and    ) | |
| JAMES D. WHITEWATER,            ) | |
|                                                       ) | |
|                     Defendants.        ) | |

### UNITED STATES' REPLY IN FURTHER SUPPORT OF THE UNITED STATES' NOTICES OF INTENT TO INTRODUCE RULE 404(b) EVIDENCE AND MOTIONS IN LIMINE TO ADMIT STATEMENTS OF THE DEFENDANTS AND TO EXCLUDE IMPROPER CHARACTER EVIDENCE

The United States, by and through undersigned counsel, respectfully submits this reply to

defendant Bullard's opposition to the United States' notices of intent to introduce Rule 404(b)

evidence and motions in limine to admit statements of the defendants and to exclude improper character evidence.  Trial is set for July 16, 2009.

## I.     PROCEDURAL BACKGROUND

In preparation for trial, the United States filed notices of intent to introduce other acts evidence pursuant to Federal Rule of Evidence 404(b) with respect to defendants Bullard and Armstrong on March 18, 2009, Dkt. No. 41; March 24, 2009, Dkt. No. 44; and June 19, 2009, Dkt. No. 107.  The United States also filed motions in limine to, among other things, exclude improper character evidence, March 30, 2009, Dkt. No. 47, and to admit statements of the defendants, April 2, 2009, Dkt. No. 50.  Defendant Bullard filed his opposition to these notices and motions on June 29, 2009, Dkt. No. 111.[1]

## II.    LEGAL ANALYSIS

Defendant Bullard opposes the admission of other acts evidence on the grounds that such evidence constitutes impermissible propensity evidence, is irrelevant, is too remote in time, is unduly prejudicial, and presents confrontation clause issues under Bruton v. United States, 391 U.S. 123 (1968).  Defendant Bullard also seeks to circumvent the established rules of evidence regarding methods of proving his character and "refute" the United States' other acts evidence by presenting improper character evidence in the form of specific instances of racial tolerance. As set forth in greater detail below and in the United States' notices of intent and motions in limine, each of these arguments is misguided.  The Court should admit all of the other acts

_____

[1]     Defendant Armstrong filed a motion in limine to exclude the United States' 404(b) evidence on May 12, 2009, Dkt. No. 70, which the United States opposed on May 26, 2009, Dkt. No. 81, to which Defendant Armstrong has not filed a reply brief.  Defendant Armstrong also opposed the United States' motions in limine to exclude improper character evidence on May 12, 2009, Dkt. No. 69, and to admit statements of the defendants on May 15, 2009, Dkt. No. 72, to which the United States filed reply briefs on May 19, 2009, Dkt. No. 79, and May 21, 2009, Dkt. No. 80.

evidence and the defendants' statements offered by the United States, and preclude any effort by the defense to present character evidence in an improper form.

### A.      The Other Acts Evidence Is Properly Admitted to Prove Defendant Bullard's Motive, Intent, and Plan In Carrying Out the Charged Offenses

Contrary to defendant Bullard's assertions, the proffered other acts evidence is relevant to and probative of a material issue in the case.  Indeed, as set forth in the United States' notices of intent, the proffered other acts evidence meets all of the threshold criteria for admissibility. Defendant Bullard's arguments to the contrary lack merit.

First, the other acts evidence is not propensity evidence.  The other acts evidence is directed towards specific purposes expressly approved of by Federal Rule of Evidence 404(b); that is, defendant Bullard's motive, intent, and plan in committing the offenses charged in the indictment.  As the Tenth Circuit has explained, "[e]vidence of past racial animosity is relevant to establish" discriminatory motive and, therefore, "falls squarely within the motive and intent purposes delineated in 404(b).'"  United States v. Woodlee, 136 F.3d 1399, 1410 (10th Cir. 1998).  The probative value of the other acts evidence as to defendant Bullard's mental state in conspiring with his co-defendants and carrying out the racially-motivated beating of R.S. is sufficient to warrant admission and overcome any relevance or propensity objection.  "Rule 404(b) is a rule of inclusion -- not exclusion -- which references at least three categories of other 'acts' encompassing the inner workings of the mind: motive, intent, and knowledge.  Once it has been established that the evidence offered serves one of these purposes,  . . . the 'only' conditions justifying the exclusion of the evidence are those described in Rule 403: unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence."  United States v. Curtin, 489 F.3d 935, 944 (9th Cir. 2007).  Thus, the evidence should be admitted under the inclusionary principals of Rule 404(b),

whereby other acts evidence is admissible except where it tends to prove <u>only</u> criminal

disposition.  <u>See id.</u>; <u>see also</u> <u>United States v. Meling</u>, 47 F.3d 1546, 1557 (9th Cir. 1995);

<u>United States v. Rocha</u>, 553 F.2d 615, 616 (9th Cir. 1977).

      Second, contrary to defendant Bullard's assertions, the content of the other acts evidence

is directly probative of defendant Bulllard's racial animus in carrying out the charged offenses in

this case.  Indeed, courts have allowed precisely the type of other acts evidence the United States

seeks to admit against defendant Bullard in this case.  <u>E.g.</u>, <u>United States v. Allen</u>, 341 F.3d 870,

885-86 (9th Cir. 2003) (symbols of white supremacy); <u>United States v. Magleby</u>, 241 F.3d 1306,

1308, 1313, 1319 (10th Cir. 2001) (racist jokes and racial slurs); <u>United States v. Dunnaway</u>, 88

F.3d 617, 618-19 (8th Cir. 1996) (expressions of dislike of non-white people or a desire not to

associate with non-white people); <u>United States v. Skillman</u>, 922 F.2d 1370, 1372, 1374 (9th Cir.

1990) (the words "white power").

      The relevance of the other acts evidence is not the gender of the target of defendant

Bullard's discriminatory animus as defendant Bullard suggests, but rather the content of his

discriminatory actions.  Expressing white supremacist views by writing the words "white

power," displaying a swastika and Nazi "SS" lightening bolts, and using racial slurs is

sufficiently similar to the alleged conduct of selecting an unknown African American victim,

referring to the victim as a "nigger," asking the victim, "What country do you think you're in?,"

carrying out a racially-motivated beating, and bragging afterwards about having beat up a

"nigger."  Defendant Bullard's argument that the proffered other acts evidence pertains to "non-

violent" activities is irrelevant.  The United States does not seek to introduce the other acts

evidence to prove defendant Bullard's use or threatened use of force.  This evidence will be

offered to prove defendant Bullard's state of mind in exercising the force and threatened force.

Courts routinely admit this type of evidence because it "may be critical to the establishment of

the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from that conduct." Huddleston v. United States, 485 U.S. 681, 687 (1988).

Third, the proffered other acts evidence is not remote in time. The vast majority of the proffered other acts evidence with respect to defendant Bullard occurred within months of the July 4, 2008, conspiracy and racially-motivated beating. Only the evidence of defendant Bullard's 2002 juvenile convictions for defacing property with statements of white supremacy extend beyond this time-frame. However, the Ninth Circuit has approved of spans of several years between the other acts and the charged offense. See, e.g., United States v. Spillone, 879 F.2d 514, 519 (9th Cir. 1989) (citing numerous cases admitting prior acts that are ten years or older). The fact that defendant Bullard was a juvenile when he was convicted is not a bar to admissibility. See, e.g., United States v. Rogers, 918 F.2d 207, 211 (D.C. Cir. 1990) (rejecting the defendant's argument that juvenile convictions were inadmissible under Rules 404(b) and 609(d)). Nor does it matter that some of the other acts occurred after the charged conduct in this case. E.g., United States v. Hinostroza, 297 F.3d 924, 928 (9th Cir.2002) ("[O]ur precedent has squarely resolved . . . the issue that subsequent Rule 404(b) evidence may be relevant and admissible."). Thus, the proximity in time of the other acts evidence likewise supports its admissibility in this case.

Fourth, the other acts evidence will not confuse the issues or cause unnecessary delay. The United States shares defendant Bullard's view that introduction of the Rule 404(b) evidence should not lead the Court into an unwarranted detour into collateral matters, such as defendant Bullard's personal history. The United States disagrees, however, with defendant Bullard's assertion that such collateral matters are unavoidable. The only evidence the United States will seek to introduce is the fact that in 2002, defendant Bullard pleaded guilty to one count of injury

by graffiti, I.C. § 18-7036, and one count of and malicious injury to property, I.C. § 18-7001, based on his having, among other things, spray-painted the words "white power" on a building in Middleton, Idaho, and on his skateboard.  To streamline the presentation of this evidence, the parties can stipulate to the pertinent facts or appropriate redactions to the records.  In the event that such an agreement is not reached, the Court can use its inherent supervisory powers to control the presentation of evidence and appropriately limit the scope of the other acts evidence to only the relevant facts.

Finally, the probative value of the other acts evidence far outweighs the danger of unfair prejudice.  The other acts evidence the United States seeks to admit against defendant Bullard, which consists primarily of his use and display of racial slurs and white supremacist slogans and symbols, is substantially less prejudicial than other Rule 404(b)evidence that the Ninth Circuit has previously found admissible under Rule 403.  See, e.g., United States v. McInnis, 976 F.2d 1226, 1230 (9th Cir. 1992) ("[a] sign reading 'All Niggers Will Be Executed,' [ ] dolls with nooses around their necks, and [a] machete in the sheath reading 'Nigger Sticker'").

Indeed, if the evidence is damaging, it is precisely because of its probative value in showing defendant Bullard's criminal conduct in the charged offenses, and not because of a collateral or otherwise unfair negative impact.  See United States v. Simas, 937 F.2d 459, 464 (9th Cir. 1991) ("although this testimony may have been damaging, Simas does not indicate how the evidence resulted in unfair prejudice") (emphasis in original).  Any concern raised by defendant Bullard as to the impact of the other acts evidence on the jury is properly addressed through a limiting instruction that such evidence should only be considered against defendant Bullard and only with respect to his motive, intent, and plan.  United States v. Dhingra, 371 F.3d 557, 567 (9th Cir. 2004) (approving the admission of other acts involving sexual contact with a minor where "[t]he district court cabined potential prejudice . . . by explicitly instructing the jury

to consider the testimony 'only as it bears on the defendant's intent and for no other purpose'").

Thus, the other acts evidence is properly admitted under both Rules 403 and 404(b).

      **B.**      **The Introduction of Other Acts Evidence Does Not Raise a <u>Bruton</u> Issue**

      Defendant Bullard next argues that admission of the other acts evidence involving defendant Armstrong will impinge upon his confrontation rights. This argument lacks merit. First, to the extent that defendant Bullard moves to exclude the other acts evidence involving his co-defendant Armstrong, he lacks standing to make any such objection. <u>United States v. David</u>, 940 F.2d 722, 736 (1st Cir. 1991) ("Objections based on Rule 404(b) may be raised only by the person whose 'other crimes, wrongs, or acts' are attempted to be revealed.").

      Second, despite defendant Bullard's assertions to the contrary, the introduction of other acts evidence does not implicate any Sixth Amendment concerns under <u>Bruton v. United States</u>, 391 U.S. 123 (1968). <u>Bruton</u> and its progeny bar only the admission of a confession or other "facially incriminating" statement of a non-testifying co-defendant. <u>Richardson v. Marsh</u>, 481 U.S. 200, 209 (1987). <u>Bruton</u> has no bearing on a statement that must be linked with other evidence to incriminate a co-defendant, <u>United States v. Hoac</u>, 990 F.2d 1099, 1105 (9th Cir. 1993), a statement of identification, <u>United States v. Cazier</u>, No. CR-04-109-N-EJL, 2007 WL 1100680, at *4 (D. Idaho Apr. 11, 2007), or even a coconspirator statement, <u>United States v. McCown</u>, 711 F.2d 1441, 1448 (9th Cir.1983). The same holds true for other acts evidence. The proffered other acts evidence is probative only of the defendant's motive, intent, and plan insofar as it provides circumstantial evidence from which the jury can assess defendant Bullard's and Armstrong's mental state in carrying out the charged offenses. This other acts evidence must necessarily be linked with other evidence in the case to help establish defendant Armstrong's or defendant Bullard's guilt and thus falls outside the scope of <u>Bruton</u>. As noted, the proper remedy for any concern about prejudice to any of the other defendants from the introduction of

other acts evidence is a limiting instruction, which the jury is presumed to follow.  Zafiro v.

United States, 506 U.S. 534, 540 (1993); Shotwell Mfg. Co. v. United States, 371 U.S. 341, 367

(1963).

      **C.**      **Defendant Bullard Should Not Be Permitted to Introduce Specific Acts of**
                         **Racial Tolerance to "Refute" the United States' Other Acts Evidence**

      Defendant Bullard claims that he should be allowed to "refute" the United States' other

acts evidence in any manner he chooses.  In actuality, to the extent that defendant Bullard wishes

to counter the other acts evidence, he may only offer opinion or reputation testimony regarding

his character for racial tolerance.  Defendant Bullard may not present evidence of specific acts of

racial tolerance because racial tolerance is neither an essential element of the charged offenses,

Fed. R. Evid. 405(a)(2), nor a "pertinent" character trait contemplated by Rule 404(a)(1).

      Pursuant to Rule 404(a)(1), a criminal defendant may present evidence regarding a

"pertinent" or relevant character trait.  Evidence of defendant Bullard's specific acts of racial

tolerance -- which is essentially evidence of his lack of prior bad acts -- does not relate to a

pertinent character trait.  Specific acts of racial tolerance are nothing more than impermissible

evidence that defendant Bullard would not commit the crimes charged.  See United States v.

Diaz, 961 F.2d 1417, 1419-20 (9th Cir. 1992) (holding that evidence of defendant's lack of

propensity to engage in large-scale drug-dealing was not a pertinent character trait in a case

where defendant charged with large-scale drug dealing); United States v. Camper, 873 F.2d

1307, 1313 (9th Cir. 1989) (affirming the trial court's exclusion under Rule 404(a)(1) of the

defendant's proposed specific act evidence offered to show that the defendant was a patriotic,

pro-government person "unlikely to engage in acts of terrorism").

      The United States may, however, introduce evidence of defendant Bullard's specific acts

of racial animus.  This evidence will not be offered to prove a pertinent character trait pursuant

to Rule 404(a).  Instead, this evidence will be offered pursuant to Rule 404(b) because it is relevant to and probative of defendant Bullard's motive, intent, and plan in conspiring to beat and subsequently beating up an African American man, as charged in the indictment.  This result is not incongruent because the United States will offer its other acts evidence under a distinct theory of admissibility.

Similarly, defendant Bullard may not establish his character for racial tolerance through specific instances of conduct.  Fed. R. Evid. 405(a); Michelson v. United States, 335 U.S. 469, 477 (1948); Government of Virgin Islands v. Grant, 775 F.2d 508, 512 (3d Cir. 1985) (finding that "testimony as to the lack of prior bad acts is, in essence, testimony as to multiple instances of good conduct, and its admission would appear to violate a strict reading of Rule 405(a)").  Should defendant Bullard wish to establish his purported character for racial tolerance, he may only do so in the form of opinion or reputation evidence.  Fed. R. Evid. 405(a).  Before a character witness can offer testimony about a defendant's reputation, the character witness must first show "such acquaintance with the defendant, the community in which he has lived, and the circles in which he has moved as to speak with authority of the terms in which generally he is regarded."  Michelson, 335 U.S. at 478.  Thus, defendant Bullard may only present evidence of his character for racial tolerance in the form of opinion or reputation testimony from a qualified witness, and the Court should exclude any evidence of specific instances of racial tolerance.

## III.    CONCLUSION

For the reasons set forth above and in the United States' notices of intent and motions in limine, the United States requests that the Court admit the other acts evidence and the statements of the defendants and exclude evidence of the defendants' specific instances of racial tolerance as improper character evidence.

DATED this 30th day of June, 2009.

THOMAS E. MOSS
United States Attorney
District of Idaho
By:

_____

/s/ Wendy J. Olson
Assistant United States Attorney


LORETTA KING
Acting Assistant Attorney General
United States Department of Justice
Civil Rights Division
By:

_____

/s/ Erin Aslan
Trial Attorney
Criminal Section

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for

the District of Idaho, and that a copy of the foregoing United States' Reply in Further Support of

the United States' Notices of Intent to Introduce Rule 404(b) Evidence and Motions in Limine to

Admit Statements of the Defendants and Exclude Improper Character Evidence was served on

all parties named below this 30th day of June, 2009.

        ___ United States Mail, postage prepaid
        ___ Hand delivery
        ___ Facsimile Transmission (fax)
        ___ Federal Express
        _x_ ECF Filing

        Ms. Elisa Massoth
        Ketlinski, Massoth, Rebholtz & Soper, PLLC
        Attorneys at Law
        910 East Cleveland Boulevard
        Caldwell, Idaho 83605
        Attorney for Michael J. Bullard

        Mr. John C. DeFranco
        Ellsworth, Kallas, Talboy & DeFranco, PLLC
        Attorneys at Law
        1031 East Park Boulevard
        Boise, Idaho 83712
        Attorney for Jennifer J. Hartpence, a/k/a Jennifer Erickson

        Mr. R. Wade Curtis
        Belnap, Curtis & Williams, PLLC
        Attorneys at Law
        1401 North Shoreline Drive, Suite 2
        Post Office Box 7685
        Boise, Idaho 83707-1685
        Attorney for Richard C. Armstrong

        Mr. Gustav Rosenheim
        Rosenheim Law Office
        960 Broadway, Suite 210
        Boise, Idaho 83706
        Attorney for James D. Whitewater

        _____
        /s/ Wendy J. Olson